UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD SEILER,

        Petitioner,

v.                              Case No:  5:11-cv-387-Oc-29PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

        Respondents.
_____/

**OPINION AND ORDER**

Ronald Seiler ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 by filing a petition (Doc. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought by Petitioner should not be granted (Doc. 8). Thereafter, Respondents filed a response in compliance with this Court's instructions and with the <u>Rules Governing Section 2254 Cases in the United States District Courts</u> (Doc. 9). Petitioner filed a reply and supplemental exhibits to the response (Doc. 12; Doc 15).

Petitioner raises two claims in his petition. He alleges that: (1) his guilty plea was coerced and involuntary; and (2) his trial counsel was ineffective for failing to adequately put forth a defense (Doc. 1-1 at 1-2).

Because this Court can "adequately assess [Petitioner's] claims without further factual development," an evidentiary hearing will not be conducted. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Upon due consideration of the petition, the response, the reply, and the state court record, this Court concludes that both claims in the petition should be denied.

I.   **Background and Procedural History**

On July 5, 2007, Petitioner was charged by information with lewd and lascivious molestation of a child under twelve (App. B at 3).[1] On July 6, 2007, Petitioner was charged in an unrelated case with possession of cannabis with intent to sell (App. B at 4). On March 26, 2008, Petitioner signed a waiver of rights and a plea agreement in both cases (App. B at 32-35). The same day, Petitioner was sentenced to serve twenty-five years in prison for the molestation offense (App. B at 39). He was sentenced to a concurrent five-year prison term for the cannabis offense (App. B at 51). The conviction and sentences were affirmed on appeal (App. F); Seiler v. State, 995 So. 2d 514 (Fla. 5th DCA 2008).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (App. G). In the motion, Petitioner alleged that: (1) trial counsel was ineffective for failing to investigate Petitioner's

---

[1] Unless otherwise noted, references to appendices are to those filed by Respondents on December 21, 2011 (Doc. 11).

incompetency; (2) trial counsel was ineffective for failing to assert the affirmative defense of involuntary intoxication; (3) Petitioner's sentence was illegal because the prosecutor improperly told the court that the minimum mandatory sentence was twenty-six years; and (4) Petitioner's plea was not voluntary because it was entered based on erroneous advise from counsel (App. G). The post-conviction court denied claims one and three and dismissed the remaining claims as insufficiently pleaded (App. I).

Petitioner filed an amended Rule 3.850 motion in which he raised the same claims as are raised in the instant petition (App. H). The post-conviction court denied the claims, and Florida's Fifth District Court of Appeal *per curiam* affirmed (App. K; App. O); Seiler v. State, 63 So. 3d 781 (Fla. 5th DCA 2011).

The instant petition was filed in this Court on July 1, 2011 (Doc. 1).

## II. Governing Legal Principles

### a. The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light

3

>
> of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identified the governing legal principle, but applied it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend

4

that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155.

Finally, the Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). See, e.g., Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### *b. Ineffective Assistance of Counsel*

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Id. Because both parts of the Strickland test must be satisfied in order to demonstrate a violation of the Sixth Amendment, a district court need not address the performance prong if the petitioner cannot meet the prejudice prong, or vice versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Indeed, the petitioner bears the burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)

(quoting Strickland, 466 U.S. at 690). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

**III. Analysis**

   *a.   Claim One*

Petitioner asserts that his guilty plea was involuntary and coerced (Doc. 1-1 at 1). Specifically, Petitioner alleges that his defense counsel lied to him by telling him that his daughter, the victim's mother, wanted him to serve 25 years in prison. Id.

7

Petitioner also states that the State Attorney was "verbally abusive" and made him sign the plea agreement that he had previously refused to sign. Id. Finally, Petitioner states that his defense counsel promised that he would be sent to a prison within ninety miles of his mother's home if he signed the plea agreement. Id.

Petitioner raised this issue in his amended Rule 3.850 motion, and the post-conviction court pointed to Petitioner's signed plea agreement and his plea colloquy to conclude that Petitioner had not been coerced into entering the plea and that it had been entered into voluntarily (App. K at 2-6). Accordingly, concluded the post-conviction court, "[T]his claim is completely without merit." (App. K at 6). Although Petitioner generally asserts that the post-conviction's conclusion was in error (Doc. 1-1 at 1), he does not explain how the alleged error was contrary to clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

On habeas review, the standard for determining the validity of a plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); see also Boykin v. Alabama, 395 U.S. 238, 242 (1969); Hill v. Lockhart, 474 U.S. 52, 56 (1985). The Eleventh Circuit explained the standard for federal review of state court guilty pleas as follows:

8

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991). The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error, he would not have entered the plea." Id. at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

This Court agrees with the post-conviction court that Petitioner's claim is conclusively refuted by the record. The state court addressed each of the *Moriarty* "core principals" to ensure that Petitioner's guilty plea was made knowingly and voluntarily. 429 F.3d at 1019. Petitioner signed a plea agreement stating that no one had "used any threats, force, pressure, or intimidation" to induce him to make the plea (App. B at 34). During the plea colloquy, the state court questioned Petitioner to determine whether he was

9

competent to plead guilty (App. C at 5). In addition, both the child molestation and the cannabis charges were explained to Petitioner, and he affirmed that he understood the charges against him (App. G at 5). It was also explained that Petitioner faced a minimum sentence of twenty-five years in prison (App. C at 4, 6). Petitioner told the trial court that he understood he was waiving any defenses he had to the charges and that he was waiving his right to a jury trial (App. C at 5-6). The representations of a defendant during a plea hearing "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Petitioner has not shown that any external factors affected his guilty plea. Although Petitioner now claims that his defense counsel promised that he would be imprisoned within ninety miles of his mother's house, the trial court specifically informed Petitioner that it could not get involved in that decision because "[i]t's under the control of the Department of Corrections." (App. G at 8). Likewise, Petitioner's current assertion that he pleaded guilty because he mistakenly thought that his daughter, the mother of his victim, wanted him to serve twenty-five years in prison does not render his plea involuntary. In support of this claim, Petitioner has filed a letter from his daughter in which she states that, while she wanted her father to serve time, she "wanted it to be much less than 25 years." (Doc. 15 at 2). The mandatory *minimum* sentence for the crime of lewd and lascivious child molestation was twenty-five

10

years, and Petitioner faced up to life in prison if convicted at trial (App. C at 4). Petitioner was specifically informed of the minimum mandatory sentence he faced; the amount of time the mother of the victim wished for her father to serve in jail would have been irrelevant to Petitioner's sentence.

The record before this Court shows a voluntary plea. An analysis of the state court's decision on this claim under the standards set forth in 28 U.S.C. § 2254(d) precludes relief. There is no indication that the result reached by the post-conviction court is at odds with any United States Supreme Court case with "materially indistinguishable facts." See Bell v. Cone, 535 U.S. 685, 694 (2002). Moreover, the post-conviction court's decision was reasonably justified in light of the evidence presented in the state court proceedings. Accordingly, Claim One is denied pursuant to 28 U.S.C. § 2254(d).

    b. *Claim Two*

Petitioner asserts that defense counsel was ineffective for failing to put forth a defense (Doc. 1-1 at 2). Specifically, Petitioner appears to assert that defense counsel erred by failing to depose the victim (Doc. 1-1 at 2; App. H at 8-9). In his amended Rule 3.850 motion on this claim, Petitioner argued that counsel's failure to depose the victim was unreasonable because "the child-victim's statement was the *sole evidence* the State had in establishing the *corpus delicti*." (App. H at 8) (emphasis in

11

original). Petitioner asserted that he suffered prejudice from counsel's failure to depose the victim because "if her statement proved to be inconsistent or better yet, untrue, then the State could not have established the *corpus delicti*. To say it plainly, absent her statement, there is no *corpus* and thus the Defendant's confession would have been inadmissible; unless, however, the State sought to admit the confession pursuant to § 92.565, *Florida Statutes*." (App. H at 10).[2] The post-conviction court denied this claim by noting that it was refuted by the record (App. K at 5).

Petitioner does not explain how the post-conviction court's adjudication of this claim was contrary to Strickland or based upon an unreasonable determination of the facts. In the habeas corpus context, "[c]omplaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative." United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980).

---

[2] In the context of a guilty plea, "in order to satisfy the second, or 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). For the purpose of this Order only, the Court will assume that Petitioner intended to allege that, had counsel deposed the victim, he would not have pleaded guilty, but would have insisted upon going to trial. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

At Petitioner's plea colloquy, defense counsel stated that he had taken the depositions of the arresting police officers and had "looked for any issues in regard to motions to suppress." (App. C at 9). He also stated that after talking with the police officers who investigated the crime, he chose not to take the deposition of the child victim "Because of the traumatic issues that surrounded it." Id. It is objectively reasonable to conclude that, based on the record, defense counsel was aware of the facts undergirding the state's case and evaluated Petitioner's options and advised him as to the merits of those options. The decision not to explore further fell within the wide range of reasonable profession assistance. Strickland, 466 U.S. at 688-89. Accordingly, Petitioner has not demonstrated deficient performance on the part of defense counsel.

Next, in order to demonstrate prejudice, a state habeas petitioner who claims that his attorney was ineffective for failing to call certain witnesses must prove that the proposed witness would have testified favorably to his defense. Aldrich v. Wainwright, 777 F.2d 630, 636 (11th Cir. 1985). Mere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof. Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001).

Petitioner has not attached any sworn statement from the victim to indicate that her accusation was unreliable; rather, he merely speculates that "if [the victim's accusation] was found to be

13

unreliable, then the State would have been required to follow the specific steps set out in § 92.565, *Florida Statutes*, for the admission of [Petitioner's] confessions." (App. H at 8).[3]

---

[3] Section 92.565 permits a defendant's confession or admission in some sexual abuse cases to be admitted into evidence absent proof of the corpus delicti of the crime if the court finds that the defendant's confession or admission is trustworthy. The statute provides in pertinent part:

> (2) In any criminal action in which the defendant is charged with a crime ... involving sexual abuse ... the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
>
> > (a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
> >
> > (b) Physically incapacitated due to age, infirmity, or any other cause; or
> >
> > (c) Less than 12 years of age.

§ 92.565(2), Fla. Stat. (2007). According to Petitioner's probable cause affidavit, he had confessed, both to the police and to his wife, that he had showed his penis to the victim (App. B at 6-7, "Probable Cause Affidavit"). In addition, the affidavit states that, in a recorded interview, Petitioner described the circumstances surrounding the molestation and stated that he used his fingers to push apart the victim's vaginal lips so that he could look inside

14

Petitioner's assertion that, had defense counsel deposed the victim and forced her to recant, it could somehow have resulted in the suppression of his confessions to the molestation is not only too attenuated to merit consideration, "mere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof." Streeter v. United States, 335 F. App'x 859, 864 (11th Cir. 2009) (citing Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir.2001)). Petitioner has not shown prejudice from counsel's failure to depose the victim, and Claim Two fails on both prongs of Strickland.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only

---

the victim's vagina. Id. Under § 92.565(2), if found trustworthy, Petitioner's recorded confession to the molestation would have been admissible at trial, whether or not the victim had been deposed. Petitioner has offered no evidence to show that his confessions were untrustworthy. Accordingly, Petitioner's current assertions do not amount to a showing of prejudice. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir.1991) (explaining that a petitioner is not entitled to an evidentiary hearing or federal habeas relief on his ineffective-assistance-of-counsel claims where the claims are conclusory or wholly incredible).

15

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'", Miller-El, 537 U.S. at 335-36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Ronald Seiler is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of January, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA:  OrlP-4 1/15/14
Copies to:  All parties of record